IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RECKO ELLIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| RUSTY CAIN; STEVE ULMS, | : | NO. 7:07-CV-93 (HL) |
| Defendants | : | **ORDER** |

Plaintiff **RECKO ELLIS**, an inmate at the Brevard County Detention Center in Cocoa, Florida, has filed another *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated July 27, 2007, the Court granted his motion to proceed *in forma pauperis*.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff has named two probation officers from Valdosta, Georgia as defendants in this action. Plaintiff alleges that on May 21, 2007, these officers confiscated his backpack and all items inside the backpack; including his "Bible, book, papers, pen, and cross."

Plaintiff states that he was questioned for over three hours regarding "what happened at the jail," and plaintiff's various lawsuits. Plaintiff alleges that Officer Ulms referred to plaintiff as a "black monkey," and stated that plaintiff was wasting his time with all of his civil actions. Plaintiff states that he was then allowed to leave the probation office "without his backpack and the things that was (sic) in his backpack." Plaintiff maintains, without further explanation, that he "suffered mentally and physically in this altercation."

Plaintiff requests $600,000.00 in compensatory damages and $600,000.00 in punitive damages.

Plaintiff's claims must be dismissed as frivolous. In relation to the confiscation of his personal property, the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." **Hudson v. Palmer**, 468 U.S. 517, 533 (1984). Plaintiff does not allege that defendants confiscated his personal property pursuant to established state procedure. It appears that the defendants' acts were random and unauthorized. Therefore, plaintiff's due process rights were not violated as long as Georgia provides an adequate post deprivation remedy.

Georgia has enacted a cause of action for the wrongful conversion of personal property. *See* O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure

3

of personal property by police officials. Therefore, the state has provided an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (citations omitted). Because plaintiff has an adequate post-deprivation remedy in state court, there has been no due process violation. Plaintiff can pursue his claim regarding the wrongful confiscation of his personal property in the Georgia courts.

Plaintiff's claims that Officer Ulms called him a racially derogatory name and was verbally abusive must be dismissed as well. Name calling, while certainly offensive, does not amount to a violation of a federal constitutional right. Moreover, neither threats nor verbal abuse by state officials state a claim under 42 U.S.C. § 1983. ***McFadden v. Lucas***, 713 F.2d 143, 146 (5th Cir.), ***cert. denied***, 464 U.S. 998 (1983); ***Stacey v. Ford***, 554 F. Supp. 8 (N.D. Ga. 1982).

Finally, while plaintiff's interaction with defendants may have been emotionally or mentally stressful, plaintiff has not shown that he was physically injured by these two probation officers in any way. 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." ***See also Siglar v. Hightower***, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff sustained no physical injuries and, therefore, his claims of emotional injury may not proceed under 42 U.S.C. § 1983.

For these reasons, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 14th day of August, 2007.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb